## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

MARQUEZ MACK,

                              Plaintiff,

          vs.

THE COUNTY OF ERIE, NEW YORK,
ROBERT KOCH, Individually and in his official capacity
     as Superintendent of the Erie County Holding Center;
SHERIFF TIMOTHY HOWARD, Individually and in his
     official capacity as Sheriff of Erie County, Deputy
     Sheriff,
SERGEANT ROBERT DEE,
ONE OR MORE JOHN DOES,

                              Defendants.

**PLAINTIFF'S
COMPLAINT AND JURY
TRIAL DEMAND**

Civil Action No.

## I. **PRELIMINARY STATEMENT**

1.      These claims are for both common law negligence and for damages pursuant to 42

U.S.C. § 1983.  They are based on a beating inflicted on the plaintiff by Erie County deputy

sheriffs when plaintiff was a pre-trial detainee in the custody of the Sheriff of Erie County.

2.      The plaintiff claims that the COUNTY OF ERIE violated his rights under the

Fourteenth Amendment to the United States Constitution through its deliberate indifference to

violence inflicted on plaintiff and other detainees by deputy sheriffs while in the custody of the

Sheriff of Erie County.  More specifically, the plaintiff claims that the COUNTY OF ERIE

violated his rights under the Fourteenth Amendment to the United States Constitution through its

custom or practice of overlooking, ignoring, and disregarding acts of violence upon inmates in

the custody of the Sheriff of Erie County. The plaintiff also claims that the COUNTY OF ERIE

violated his rights under the Fourteenth Amendment to the United States Constitution through its

failure to train, supervise, direct or control deputy sheriffs in the performance of their duties.

3.    The plaintiff claims that DEE and ONE OR MORE JOHN DOES violated his rights under the United States Constitution and the laws of New York to be free from the excessive use of force.

4.    The plaintiff also claims that that the COUNTY OF ERIE, HOWARD and KOCH were negligent in the training, and supervision of employees, DEE and ONE OR MORE JOHN DOES.

## II. JURISDICTION

5.    This court has subject matter jurisdiction over the plaintiff's civil rights claims, pursuant to 28 U.S.C. §§ 1331, 1341(a) (3) (4).

6.    Plaintiff also invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims against the defendants in this action, as they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## III. VENUE

7.    All alleged acts occurred in the County of Erie.  Therefore, venue is proper in the Western District of New York under 28 U.S.C. §1391(b).

## IV. PARTIES

8.    At all times relevant to this action, the plaintiff was incarcerated and awaiting trial in the custody of the office of the Sheriff of Erie County, an agency of the COUNTY OF ERIE.

9.    At all times relevant to this action, Defendant COUNTY OF ERIE (hereinafter "COUNTY") is and was a political subdivision of the State of New York, created and recognized by the State of New York.  The COUNTY is responsible for the management and operations of

2

the Erie County Holding Center (hereinafter "ERIE COUNTY HOLDING CENTER"), and its staff.

10.    At all times relevant to this action, Defendant TIMOTHY HOWARD (hereinafter "HOWARD") was the Sheriff of Erie County, New York and acted under color of state law. As Sheriff of Erie County, HOWARD is and was responsible for the overall management and control of the County jails, including the court hold pens; for the establishment, administration and implementation of policies and procedures affecting inmates of the jails; and for all matters relating to the selection, supervision, promotion, training and discipline of uniformed staff. HOWARD is sued in his official and his individual capacities.

11.    At all times relevant to this action, Defendant ROBERT KOCH, (hereafter "KOCH") was the duly appointed and acting Superintendent of ERIE COUNTY HOLDING CENTER and acted under color of state law, and he was responsible for the establishment, administration and implementation of policies and procedures affecting inmates of the ERIE COUNTY HOLDING CENTER; for all matters relating to the assignment, supervision, oversight and discipline of the uniformed staff assigned to the ERIE COUNTY HOLDING CENTER, including deputies assigned to transport inmates to Erie County Court;  and for the care custody and control of all inmates housed or held in the ERIE COUNTY HOLDING CENTER and the court hold pens (located in the basement of the Erie County Court House). KOCH is sued in his official and his individual capacities.

12.    At all times relevant to this action, Defendant ROBERT DEE ("DEE") was the direct supervisor of ONE OR MORE DOES and was acting under color of state law.  DEE is sued in his individual capacity.

3

13.    That upon information and belief, at all times hereinafter mentioned, the Defendants ONE OR MORE DOES were Erie County Deputy Sheriffs and were acting under color of state law, in the course and scope of their duties, functions and employment and as agents, servants, and/or employees of the office of the Erie County Sheriff.  They are sued in their individual capacities.  The identity of the persons sued as "John Doe" are not yet known, and this complaint will be amended to add their real names when they are known.

## V. CONDITIONS PRECEDENT

14.    Pursuant to New York General Municipal Law, on the 8th day of June, 2010, within ninety days after the plaintiff's claim arose, he caused a notice of claim in writing, sworn to by him, to be duly served upon the COUNTY OF ERIE, by sending a copy to the attorney for the COUNTY by personal delivery.  The notice of claim, set forth the plaintiff's post office address and the address of his attorneys, the nature of the claim, the time, place and manner in which the claim arose and the items of injuries he claimed to have sustained.  At least thirty days have elapsed since the service of the notice and payment has been refused or neglected.  A copy of the plaintiff's notice of claim is attached to the Complaint as **Exhibit A**.

15.    Within the intent of the Prison Litigation Reform Act, the plaintiff pursued all administrative procedures available to him at the Erie County Holding Center.  A copy of his grievance and the COUNTY'S response are attached to this Complaint as **Exhibit B.**

16.    Upon information and belief, the grievance was transferred by the COUNTY to the Sheriff's Professional Services Division for investigation.  The COUNTY has not disclosed any documents relating to said investigation.

4

## VI. **STATEMENT OF FACTS**

17.     That on or about January 29, 2010, the plaintiff was in the physical custody of the Erie County Sheriff, defendant HOWARD, and his acting representatives.

18.     That on or about January 29, 2010, the plaintiff was a detainee in the Erie County Holding Center.

19.     That on or about the afternoon of January 29, 2010, the plaintiff was being escorted back to the Erie County Holding Center from a court hold area in County Court, when a deputy sheriff pushed him and shoved him into a court hold cell.

20.     That the plaintiff's hands were cuffed.

21.     That while the plaintiff was in the court hold cell with his hands cuffed, DEE and ONE OR MORE DOES seriously and violently assaulted him.

22.     That the beating inflicted on the plaintiff included kicking, punching, slamming his head into a wall, and spitting in him.

23.     That as a result of the beating, the plaintiff suffered multiple injuries to his head, ears, and body.

24.     That as a result of his injuries, the plaintiff sustained severe pain and discomfort in his head, ears, and body.  He also suffered serious psychological trauma, leaving him anxious, depressed and fearful.

25.     That upon information and belief, none of the defendants involved in the January 29 incident prepared any written report of what took place, except as they may have done so after the plaintiff complained of the attack.

26.     That at no time during the attack on the plaintiff did he strike back at the deputy sheriffs.  The conduct of DEE and ONE OR MORE DOES was malicious and sadistic and displayed a reckless indifference to the plaintiff's rights and well-being.

27.     That upon information and belief, the defendant COUNTY took no disciplinary action against DEE or ONE OR MORE DOES.

## VII.  PLAINTIFF'S CAUSE OF ACTION UNER 42 U.S.C. § 1983 AGAINST DEFENDANT COUNTY

28.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "27" of the Complaint herein with the same force and effect as if fully set forth herein.

29.     At all times relevant, DEE and ONE OR MORE DOES were in their Sheriff's uniform, and while on duty were acting under the color of state law and did cause the deprivation of the plaintiff's constitutional rights by beating him as previously described.

30.     Upon information and belief, it is the policy or custom of the COUNTY and the office of the Erie County Sheriff to fail to train and supervise their deputies in the use of force against detainees in the custody of the Sheriff.

31.     Upon information and belief, it was and is the policy or custom of the COUNTY to overlook, excuse, or disregard random and unprovoked acts of violence by deputy sheriffs upon detainees in the custody of the Sheriff.

32.     Upon information and belief, by overlooking, excusing, or disregarding the wrongful conduct of deputy sheriffs, including but not limited to that of DEE and ONE OR MORE DOES, the COUNTY has adopted a written or unwritten rule, or the COUNTY has

established a policy or custom of deliberate indifference to violations of lawful conduct such as complained of in this Complaint.

33.    At the time the plaintiff was assaulted, the COUNTY knew that inmates in the custody of the Sheriff were regularly subjected to inappropriate, excessive, and degrading uses of physical force.  More particularly, the United States Department of Justice memorialized in its July, 2009, letter to the COUNTY that:

i.      Inmates in the ERIE COUNTY HOLDING CENTER were being taken on "elevator rides" during which deputies physically assault inmates, and slam their heads against elevator walls, while handcuffed.

ii.     In August 2008, an Erie County Holding Center inmate was handcuffed, stripped, and cavity searched by a deputy who then uses the same rubber gloves to search other inmates. When one inmate requested that the deputy change his gloves, which were dirty with blood and feces, the deputy struck the inmate on the head and forcibly performed the search, stating that he "did not have to do a damn thing."

iii.    In 2008, Erie County Sheriff's Deputies ordered other inmates to go into the cell of an inmate who refused to shower, pull the inmate out of his cell, strip him and wash him on the floor of the common pod area with rags and a bucket of water.

iv.     In January of 2008, Erie County Sheriff's Deputies targeted inmates who were screaming to observe the New Year. The deputies punched, kicked, and tied a sheet around one inmate's neck, and threatened to hang him.

The inmate was then shackled and taken to an isolation cell, where deputies continued to punch and kick him.

v.       In August of 2007, during the booking process, deputy sheriffs struck a pregnant inmate in the face, threw her to the ground, and kneed her in the side of her stomach. When she informed deputies that she was pregnant, the deputies replied that they thought she was fat, not pregnant. The inmate lost her two front teeth as a result of the assault.

vi.      An inmate at the Erie County Correctional Facility died of a stroke in March of 2007, not long after suffering a brain injury when sheriff deputies smashed his head against a wall. The inmate requested medical help following the incident but was ignored despite noticeable signs of injury, such as dragging his foot when walking and continually dropping things.

vii.     In April of 2006, an inmate in the ERIE COUNTY HOLDING CENTER was knocked unconscious and sustained a collapsed lung, fractured ribs, and a damaged spleen (resulting in its removal) as a result of a beating by Erie County Sheriff's Deputies. The incident arose from the inmate's attempt to air out his cell from the odor of other inmates' defecation and vomit.

34.    In January 2010, an Erie County Deputy Sergeant assigned to the Erie County Holding Center, ordered an inmate to choose one deputy sheriff to deliver a punch to the inmate's stomach. Under duress, the inmate complied and a deputy delivered the blow.

35.     Upon information and belief, there are established policies and customs, which fail to adequately supervise and train deputy sheriffs in their dealings with inmates in the custody of the Sheriff, such that the failure to supervise and train rises to the level of deliberate indifference. For example, according to the findings of the United States Department of Justice memorialized in its July, 2009 letter to the COUNTY:

    a.      The Erie County Holding Center provides its deputy sheriffs with no operational guidance on the use of force;

    b.      The Erie County Holding Center has no system in place to monitor the use of force;

    c.      The Erie County Holding Center has no policy governing the assembly of the Response Team, which is used on an emergency basis to quell inmate disturbances.

36.     The COUNTY's failure to take measures to train and supervise deputy sheriffs in the use of force, and to curb assaults on inmates in the custody of the Erie County Sheriff was a proximate cause of the constitutional violations alleged in this complaint.

### VIII. PLAINTIFF'S CAUSE OF ACTION FOR COMMON LAW NEGLIGENT SUPERVISION AGAINST DEFENDANTS COUNTY OF ERIE, HOWARD, KOCH AND DEE

37.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "36" of the Complaint herein with the same force and effect as if fully set forth herein.

38.     That the defendants had a duty to supervise ONE OR MORE DOES in their contact with inmates who were in the care, custody and control of the Sheriff, including plaintiff.

9

39.     That the defendants breached their duty by not adequately supervising MORE OR MORE DOES.

40.     That as a proximate result of defendants' breach of duty, the plaintiff sustained injures to his leg, ears and head.

41.     That the COUNTY'S, HOWARD'S, KOCH'S and DEE'S breach of their supervisory duty to the plaintiff was a proximate cause of the injuries and loss suffered by plaintiff.

42.     That the COUNTY'S, HOWARD'S, KOCH'S and DEE'S actions and omissions were willful and wanton behavior, with complete and gross disregard for the plaintiff's rights, safety and well-being.

### IX. PLAINTIFF'S CAUSE OF ACTION FOR COMMON LAW NEGLIGENT TRAINING AGAINST DEFENDANTS COUNTY OF ERIE, HOWARD, AND KOCH

43.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "42" of the Complaint herein with the same force and effect as if fully set forth herein.

44.     That the defendants had a duty to train DEE and ONE OR MORE DOES in the use of force in their contact with inmates in the care, custody and control of the Sheriff, including plaintiff.

45.     That the defendants breached their duty to train DEE and ONE OR MORE DOES in their use of force.

46.     That as a result of the defendants breach of duty, the plaintiff sustained injures his leg, ears and head.

47.    That the defendants' breach of duty to train DEE and ONE OR MORE DOES was a proximate cause of the injuries and loss suffered by the plaintiff.

48.    That the defendants' actions and omissions were willful and wanton behavior, with complete and gross disregard for the plaintiff's rights, safety and well-being.

## XI. PLAINTIFF'S CAUSE OF ACTION UNDER 42 U.S.C. SEC. 1983 AGAINST DEE and ONE OR MORE DOES

49.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "48" of the complaint herein with the same force and effect as if fully set forth herein.

50.    That the plaintiff had an absolute and constitutional right to be free from the unreasonable and excessive use of force, assault, and battery on his person, even during a period of lawful detention and even if in the custody of THE COUNTY OF ERIE and its Sheriff.

51.    That the severe beating and assault upon a passive and non-confrontational person is totally without legal justification and, upon information and belief, is contrary to the rules and procedures of the COUNTY OF ERIE and its Sheriff.

52.    That the laws of New York against assault, menacing and reckless endangerment prohibit actions such as those undertaken by ROBERT DEE and ONE OR MORE DOES.

53.    That the punching, kicking, and injuring of the plaintiff by DEE and ONE OR MORE DOES was excessive, unreasonable, and unjustifiable under the circumstances and subjected the plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourteenth Amendments of the United States Constitution, within the meaning of 42 U.S.C. §1983.

54.    That as a direct and proximate result of the unconstitutional acts of DEE and ONE OR MORE DOES, the plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## XII.  PLAINTIFF'S CAUSE OF ACTION UNDER NEW YORK LAW AGAINST DEE and ONE OR MORE DOES

55.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "54" of the complaint herein with the same force and effect as if fully set forth herein.

56.    That the conduct of DEE, and ONE OR MORE DOES in beating and striking the plaintiff deprived him of his rights under the laws of the state of New York to be free from assault and battery, for which these defendants as well as the COUNTY are liable.

57.    That as a direct and proximate result of the illegal acts of DEE and ONE OR MORE DOES, the plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## XIII.  PRAYER FOR RELIEF

58.    The plaintiff requests that the Court grant the following relief:

    a.    judgment against the defendants and each of them jointly and severally for compensatory and special damages in a sum in excess of two hundred and fifty thousand dollars ($250,000.00).

    b.    punitive damages against the defendants named in their individual capacities.

    c.    attorneys' fees, for his costs expended herein, for interest, and

    d.    for such other and further relief both at law and in equity, to which the plaintiff may show himself to be justly entitled.

## XIV.  **JURY DEMAND**

59.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff demands

that all issues of fact in this cause be tried to a properly impaneled jury.

Dated: April 5, 2011
        Buffalo, New York

BY: _____
        John Ned Lipsitz, Esq.
        LIPSITZ & PONTERIO, LLC
        *Attorneys for Plaintiffs*
        135 Delaware Avenue, 5th Floor
        Buffalo, New York  14202
        Telephone: (716) 849-0701
        E-mail:  jnl@lipsitzponterio.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

In the Matter of the Claim of

**NOTICE OF CLAIM**

MARQUEZ MACK,

                   Claimant,

        -against-

THE COUNTY OF ERIE,

                   Respondent.

---

**TO:  CHERYL GREEN, ESQ.**
       **ERIE COUNTY ATTORNEY**
       **69 Delaware Avenue, Suite 300**
       **Buffalo, NY  14202**

       PLEASE TAKE NOTICE that Marquez Mack (Claimant) makes the following claim for damages against the County of Erie (the County), and in support of his claim states:

       1.      The claimant resides at 40 Delaware, Buffalo, New York 14202.

       2.      The name and post office address of the claimant's attorneys are John N. Lipsitz, Esq. and Nan L. Haynes, Esq. (of counsel) c/o Lipsitz & Ponterio, LLC, 135 Delaware Avenue, 5th Floor, Buffalo, New York 14202.

       3.      The claim against the County is injuries sustained by the claimant as a result of the negligence of the County, its officers, agents, servants and employees as set forth below.

       4.      The claim arose on January 29 or January 30, 2010, in a court hold located in the Erie County Holding Center, 40 Delaware Avenue Buffalo, New York 14202, when he was assaulted by two or more deputies.

       5.      More specifically, the deputies banged the claimant's head into a wall, stomped on his legs and spit on him.

       6.      Upon information and the assault was recorded on video tape.

7.    The claimant sustained multiple contusions on his body and injuries to his legs as a result of the assault.

8.    The County's negligence in failing to supervise and train Sheriff's deputies assigned to guard inmates at the Erie County Holding Center is a cause of the claimant's injuries.

9.    The Claimant, by reason of the County's negligence, sustained permanent and serious damage; medical, nursing, hospital and therapy expenses; loss of income and loss of future income; loss of quality of life and pain and suffering.

Dated: Buffalo, New York
      April 21, 2010

                                             _Marquez Mack_
                                             Marquez Mack

                                             **PLEASE DIRECT INQUIRIES TO:**
                                             John Ned Lipsitz, Esq.
                                             LIPSITZ & PONTERIO, LLC
                                             Attorney for Claimant
                                             135 Delaware Avenue, 5th Floor
                                             Buffalo, NY 14202

2

<u>VERIFICATION</u>

STATE OF NEW YORK    )
COUNTY OF ERIE       ) SS.:
CITY OF BUFFALO      )

      MARQUEZ MACK, being duly sworn deposes and says that: he makes this claim on his

own behalf; he has read the foregoing Notice of Claim and knows the contents thereof; the same

is true to the knowledge of the claimant except of the matters herein alleged upon information

and belief, and as to those matters, he believes them to be true.


                                    MARQUEZ MACK


Sworn to before me this

21 day of April, 2010

_____
Notary Public

JOHN N. LIPSITZ
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Dec. 23, 20 13


3

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

In the Matter of the Claim of

MARQUEZ MACK,

                              Claimant,

              -against-

THE COUNTY OF ERIE,

                              Respondent.

_____

**AFFIDAVIT OF SERVICE
BY MAIL**

STATE OF NEW YORK    )
COUNTY OF ERIE       ) SS.:
CITY OF BUFFALO      )

      AMANDA JAROSZ, being duly sworn, deposes and says:

      1.     that deponent is not a party to the within action, is over 18 years of age and resides in Buffalo, New York;

      2.     that deponent served the foregoing Notice of Claim on the counsel of record listed below via Certified Mail, Return Receipt Requested at the addresses designated for that purpose by depositing a true copy of same in a postage paid, properly addressed wrapper in a post office depository under the exclusive care of the United States Postal Service within the State of New York on the 22nd day of April, 2010:

      **CHERYL GREEN, ESQ.
      ERIE COUNTY ATTORNEY
      69 Delaware Avenue, Suite 300
      Buffalo, NY  14202**

_____
AMANDA JAROSZ

Sworn to before me this
22nd day of April, 2010

_____
Notary Public

MELISSA J. CORMIER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 10/27/2012

STATE OF NEW YORK:
SUPREME COURT : COUNTY OF ERIE

_____

In the Matter of the Claim of,                          **AFFIDAVIT OF SERVICE VIA**
                                                        **HAND DELIVERY**

MARQUEZ MACK,

                                    Plaintiff,

            vs.

THE COUNTY OF ERIE,

                                    Defendants.

_____

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss.:
CITY OF BUFFALO      )

        THOMAS SATTERLEE, being duly sworn, deposes and says:

        1.      that deponent is not a party to the within action, is over 18 years of age and resides in
Grand Island, New York;

        2.      that deponent served the foregoing Notice of Claim, on the attorney of record listed
below, VIA HAND DELIVERY, by leaving true copy of same in a properly addressed wrapper, under
the exclusive care of the receptionist/front desk attendant at the law firm listed below, on the 27th day of
April, 2010:

                CHERYL GREEN, ESQ.
                ERIE COUNTY ATTORNEY
                69 Delaware Avenue, Suite 300
                Buffalo, NY 14202

                                        _____
                                        THOMAS SATTERLEE

Sworn to before me this
27th day of _April___, 2010

_Charmain S. Jozwiak_
Notary Public

                CHARMAIN S. JOZWIAK
            Notary Public, State of New York
                Qualified in Erie County
        My Commission Expires March 24, 2014

### Inmate Grievance Form

| Grievance # |
|---|
| ___ G - ___ |

Facility:    ERIE COUNTY HOLDING CENTER

Name of Inmate: Marquez Mack    ICN # 85768    H/U # Echo sher /46 cell

**Brief Description of the Grievance** *(Completed by the grievant):* Number of Additional Sheets Attached ( )

I am writing this grievance because on the date of 1-24-10 I was Physically, verbally and emotionally assaulted in county court hold #2. I was spat on by an Erie County correctional officer and I am looking to and I will take this matter far and beyond just this grievance.

_____

_____

**Action requested by the grievant** *(Completed by the grievant):*    Number of Additional Sheets Attached ( )

I want and will press charges on the officers who in my eyes did something down the lines of Police Brutality.

_____

_____

_____

Grievant Signature: Marquez Mack    Date /Time Submitted: 2-2-10    AM

Receiving Staff Signature:_____    Date/Time Received:_____

**Summary of facility staff attempts to resolve**    Number of Additional Sheets Attached ( )
*(Attach relevant documentation)*

_____

_____

_____

_____

_____

Officer/ Supervisor Signature_____

_____ I accept this resolution    _____ I do not accept this resolution and wish to file a formal grievance

Signature of INMATE: _____ Date: _____ Time: _____

Forwarded to Grievance Coordinator

Officer/Supervisor Signature: _____ Date: _____ Time: _____

Received by Grievant Coordinator

# ERIE COUNTY SHERIFF'S OFFICE



# MEMORANDUM

**TO:**      Marquez Mack ICN 85766

**FROM:**    Chief Michael Reardon

**DATE:**    2-9-10

**RE:**      Inmate Grievance Dated:  2/2/10

Please be advised that I am in receipt of your Inmate Grievance.

Your complaint is being forwarded to Professional Standards to investigate your allegation of Police Brutality.

---

☐ Please be advised that pursuant to **9NYCRR7032.4(h) <u>Program Requirements</u>**: *Grievances regarding Dispositions or sanctions from disciplinary hearings, administrative segregation housing decisions, issues that are outside the authority of the chief administrative officer to control, or complaints pertaining to an inmate other than the inmate actually filing the grievance are not grievable and may be returned to the inmate by the grievance coordinator. Such grievances may not be appealed to the chief administrative officer or the Citizens' Policy and Complaint Review Council.*

Therefore, this shall serve to inform you that your grievance cannot be processed and is being returned to you. No further action will be taken regarding this matter.

cc:   Grievance File