UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARQUEZ MACK,

                                Plaintiff,

vs.

THE COUNTY OF ERIE, NEW YORK,
ROBERT KOCH, Individually and in his official capacity
  as Superintendent of the Erie County Holding Center;
SHERIFF TIMOTHY HOWARD, Individually and in his
  official capacity as Sheriff of Erie County, Deputy
  Sheriff,
SERGEANT ROBERT DEE,
ONE OR MORE JOHN DOES,

                                Defendants.

**PLAINTIFF'S AMENDED COMPLAINT AND JURY TRIAL DEMAND**

Civil Action No.
11-CV-0303A

## I. PRELIMINARY STATEMENT

1. These claims are for both common law negligence and for damages pursuant to 42 U.S.C. § 1983. They are based on two beatings, one inflicted on the plaintiff by Erie County deputy sheriffs when plaintiff was a pre-trial detainee in the custody of the Sheriff of Erie County on or about January 29, 2010, and another inflicted on the plaintiff by Erie County deputy sheriffs when plaintiff was a pre-trial detainee in the custody of the Sheriff of Erie County on or about April 28, 2010.

2. The plaintiff claims that the COUNTY OF ERIE and SHERIFF TIMOTHY HOWARD violated his rights under the Fourteenth Amendment to the United States Constitution through their deliberate indifference to violence inflicted on plaintiff and other detainees by deputy sheriffs while in the custody of the Sheriff of Erie County. More specifically, the plaintiff claims that the COUNTY OF ERIE and SHERIFF TIMOTHY HOWARD violated his rights under the Fourteenth Amendment to the United States Constitution through their custom or

practice of overlooking, ignoring, and disregarding acts of violence upon inmates in the custody of the Sheriff of Erie County. The plaintiff also claims that the COUNTY OF ERIE and SHERIFF TIMOTHY HOWARD violated his rights under the Fourteenth Amendment to the United States Constitution through their failure to train, supervise, direct or control deputy sheriffs in the performance of their duties.

3. The plaintiff claims that DEE and ONE OR MORE JOHN DOES violated his rights under the United States Constitution and the laws of New York to be free from the excessive use of force.

4. The plaintiff also claims that that the COUNTY OF ERIE, HOWARD and KOCH were negligent in the training, and supervision of employees, DEE and ONE OR MORE JOHN DOES.

## II. JURISDICTION

5. This court has subject matter jurisdiction over the plaintiff's civil rights claims, pursuant to 28 U.S.C. §§ 1331, 1341(a) (3) (4).

6. Plaintiff also invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims against the defendants in this action, as they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## III. VENUE

7. All alleged acts occurred in the County of Erie. Therefore, venue is proper in the Western District of New York under 28 U.S.C. §1391(b).

## IV. PARTIES

8. At all times relevant to this action, the plaintiff was incarcerated and awaiting trial in the custody of the office of the Sheriff of Erie County, an agency of the COUNTY OF ERIE.

9. At all times relevant to this action, Defendant COUNTY OF ERIE (hereinafter "COUNTY") is and was a political subdivision of the State of New York, created and recognized by the State of New York. The COUNTY is responsible for the management and operations of the Erie County Holding Center (hereinafter "ERIE COUNTY HOLDING CENTER"), and its staff.

10. At all times relevant to this action, Defendant TIMOTHY HOWARD (hereinafter "HOWARD") was the Sheriff of Erie County, New York and acted under color of state law. As Sheriff of Erie County, HOWARD has and had custody of the ERIE COUNTY HOLDING CENTER. HOWARD is and was responsible to receive and safely keep all persons committed to the ERIE COUNTY HOLDING CENTER; for the overall management and control of the County jails, including the court hold pens; for the establishment, administration and implementation of policies and procedures affecting inmates of the jails; and for all matters relating to the selection, supervision, promotion, training and discipline of uniformed staff. HOWARD is sued in his official and his individual capacities.

11. At all times relevant to this action, Defendant ROBERT KOCH, (hereafter "KOCH") was the duly appointed and acting Superintendent of the ERIE COUNTY HOLDING CENTER and acted under color of state law, and he was responsible for the establishment, administration and implementation of policies and procedures affecting inmates of the ERIE COUNTY HOLDING CENTER; for all matters relating to the assignment, supervision, oversight and discipline of the uniformed staff assigned to the ERIE COUNTY HOLDING

CENTER, including deputies assigned to transport inmates to Erie County Court; and for the care, custody and control of all inmates housed or held in the ERIE COUNTY HOLDING CENTER and the court hold pens (located in the basement of the Erie County Court House). KOCH is sued in his official and his individual capacities.

12. At all times relevant to this action, Defendant ROBERT DEE ("DEE") was the direct supervisor of ONE OR MORE DOES and was acting under color of state law. DEE is sued in his individual capacity.

13. That upon information and belief, at all times hereinafter mentioned, the Defendants ONE OR MORE DOES were Erie County Deputy Sheriffs and were acting under color of state law, in the course and scope of their duties, functions and employment and as agents, servants, and/or employees of the office of the Erie County Sheriff. They are sued in their individual capacities. The identity of the persons sued as "John Doe" are not yet known, and this complaint will be amended to add their real names when they are known.

## V. **CONDITIONS PRECEDENT**

14a. Pursuant to New York General Municipal Law, on the 27th day of April, 2010, within ninety days of the beating inflicted on the plaintiff on or about January 29, 2010, he caused a notice of claim in writing, sworn to by him, to be duly served upon the COUNTY OF ERIE, by sending a copy to the attorney for the COUNTY by personal delivery. The notice of claim set forth the plaintiff's post office address and the address of his attorneys, the nature of the claim, the time, place and manner in which the claim arose and the items of injuries he claimed to have sustained. At least thirty days have elapsed since the service of the notice and payment has been refused or neglected. A copy of the plaintiff's notice of claim is attached to the Complaint as **Exhibit A**.

14b. Pursuant to New York General Municipal Law, on the 8th day of June, 2010, within ninety days of the beating inflicted on the plaintiff on or about April 28, 1010, he caused a notice of claim in writing, sworn to by him, to be duly served upon the COUNTY OF ERIE, by sending a copy to the attorney for the COUNTY by personal delivery. The notice of claim set forth the plaintiff's post office address and the address of his attorneys, the nature of the claim, the time, place and manner in which the claim arose and the items of injuries he claimed to have sustained. At least thirty days have elapsed since the service of the notice and payment has been refused or neglected. A copy of the plaintiff's notice of claim is attached to the Complaint as **Exhibit B.**

15a. Within the intent of the Prison Litigation Reform Act, the plaintiff pursued all administrative procedures available to him at the Erie County Holding Center. A copy of his grievance based on the beating inflicted on the Plaintiff on or about January 29, 1010, and the COUNTY'S response are attached to this Complaint as **Exhibit C.**

15b. The plaintiff also filed a grievance based on the beating inflicted on him on or about April 28, 2010. A copy of this grievance is attached to this Complaint as **Exhibit D.**

16. Upon information and belief, the grievance based on the beating inflicted on the plaintiff on or about January 29, 1010, was transferred by the COUNTY to the Sheriff's Professional Services Division for investigation. The COUNTY has not disclosed any documents relating to said investigation.

## VI. STATEMENT OF FACTS

### The January 29, 2010 assault on the Plaintiff

17. That on or about January 29, 2010, the plaintiff was in the physical custody of the Erie County Sheriff, defendant HOWARD, and his acting representatives.

18. That on or about January 29, 2010, the plaintiff was a detainee in the Erie County Holding Center.

19. That on or about the afternoon of January 29, 2010, the plaintiff was being escorted back to the Erie County Holding Center from a court hold area in County Court, when a deputy sheriff pushed him and shoved him into a court hold cell.

20. That the plaintiff's hands were cuffed.

21. That while the plaintiff was in the court hold cell with his hands cuffed, DEE and ONE OR MORE DOES seriously and violently assaulted him.

22. That the beating inflicted on the plaintiff included kicking, punching, slamming his head into a wall, and spitting on him.

23. That as a result of the beating, the plaintiff suffered multiple injuries to his head, ears, and body.

24. That as a result of his injuries, the plaintiff sustained severe pain and discomfort in his head, ears, and body. He also suffered serious psychological trauma, leaving him anxious, depressed and fearful.

25. That upon information and belief, none of the defendants involved in the January 29, 2010, incident prepared any written report of what took place, except as they may have done so after the plaintiff complained of the attack.

26. That at no time during the attack on the plaintiff did he strike back at the deputy sheriffs. The conduct of DEE and ONE OR MORE DOES was malicious and sadistic and displayed a reckless indifference to the plaintiff's rights and well-being.

27. That upon information and belief, the defendant COUNTY took no disciplinary action against DEE or ONE OR MORE DOES.

### The April 28, 2010 assault on the Plaintiff

28a.    That on or about April 28, 2010, the plaintiff was in the physical custody of the Erie County Sheriff, defendant HOWARD, and his acting representatives.

28b.    That on or about April 28, 2010, the plaintiff was a detainee in the Erie County Holding Center.

28c.    That on or about April 28, 2010, the plaintiff was in an elevator located in the Erie County Holding Center when he was assaulted by two or more DOES.

28d.    The plaintiff was on crutches as a result of injuries he sustained when he was assaulted on January 29, 2010. While he was on the elevator, one or more DOES forcibly took his crutches from him, causing him to fall to the floor.

28e.    One or more DOES struck the plaintiff's head against the floor, bent his arm behind his back, and cuffed his hands.

28f.    As a result of the beating, the plaintiff sustained multiple contusions on his body. Moreover as a result of the assault, the plaintiff's blood pressure rose to a dangerously high level, and he experiences chest pains. He also suffered serious psychological trauma, leaving him depressed, anxious and fearful.

28g.    That upon information and belief, none of the defendants involved in the April 28, 2010, incident prepared any written report of what took place, except as they may have done so after the plaintiff complained of the attack.

28h.    That at no time during the attack on the plaintiff did he strike back at the deputy sheriffs. The conduct of DEE and ONE OR MORE DOES was malicious and sadistic and displayed a reckless indifference to the plaintiff's rights and well-being.

7

28i.   That upon information and belief, the defendant COUNTY took no disciplinary action against ONE OR MORE DOES.

### VII.   PLAINTIFF'S CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY AND HOWARD

29.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "28i" of the Complaint herein with the same force and effect as if fully set forth herein.

30.   At all times relevant, DEE and ONE OR MORE DOES were in their Sheriff's uniform, and while on duty were acting under the color of state law and did cause the deprivation of the plaintiff's constitutional rights by beating him as previously described.

31.   Upon information and belief, it is the policy or custom of the COUNTY, SHERIFF TIMOTHY HOWARD, and the office of the Erie County Sheriff to fail to train and supervise their deputies in the use of force against detainees in the custody of the Sheriff.

32.   Upon information and belief, it was and is the policy or custom of the COUNTY and SHERIFF TIMOTHY HOWARD to overlook, excuse, or disregard random and unprovoked acts of violence by deputy sheriffs upon detainees in the custody of the Sheriff.

33.   Upon information and belief, by overlooking, excusing, or disregarding the wrongful conduct of deputy sheriffs, including but not limited to that of DEE and ONE OR MORE DOES, the COUNTY and SHERIFF TIMOTHY HOWARD have adopted a written or unwritten rule, or the COUNTY and SHERIFF TIMOTHY HOWARD have established a policy or custom of deliberate indifference to violations of lawful conduct such as complained of in this Complaint.

34.   At the time the plaintiff was assaulted on January 29, 2010, and again on April 28, 2010, the COUNTY and SHERIFF TIMOTHY HOWARD knew that inmates in the custody of

the Sheriff were regularly subjected to inappropriate, excessive, and degrading uses of physical force. More particularly, the United States Department of Justice memorialized in its July 2009, letter to the COUNTY and copied to SHERIFF TIMOTHY HOWARD that:

    i.    Inmates in the ERIE COUNTY HOLDING CENTER were being taken on "elevator rides" during which deputies physically assault inmates, and slam their heads against elevator walls, while handcuffed.

    ii.    In August 2008, an Erie County Holding Center inmate was handcuffed, stripped, and cavity searched by a deputy who then uses the same rubber gloves to search other inmates. When one inmate requested that the deputy change his gloves, which were dirty with blood and feces, the deputy struck the inmate on the head and forcibly performed the search, stating that he "did not have to do a damn thing."

    iii.    In 2008, Erie County Sheriff's Deputies ordered other inmates to go into the cell of an inmate who refused to shower, pull the inmate out of his cell, strip him and wash him on the floor of the common pod area with rags and a bucket of water.

    iv.    In January of 2008, Erie County Sheriff's Deputies targeted inmates who were screaming to observe the New Year. The deputies punched, kicked, and tied a sheet around one inmate's neck, and threatened to hang him. The inmate was then shackled and taken to an isolation cell, where deputies continued to punch and kick him.

    v.    In August of 2007, during the booking process, deputy sheriffs struck a pregnant inmate in the face, threw her to the ground, and kneed her in the

side of her stomach. When she informed deputies that she was pregnant, the deputies replied that they thought she was fat, not pregnant. The inmate lost her two front teeth as a result of the assault.

vi. An inmate at the Erie County Correctional Facility died of a stroke in March of 2007, not long after suffering a brain injury when sheriff deputies smashed his head against a wall. The inmate requested medical help following the incident but was ignored despite noticeable signs of injury, such as dragging his foot when walking and continually dropping things.

vii. In April of 2006, an inmate in the ERIE COUNTY HOLDING CENTER was knocked unconscious and sustained a collapsed lung, fractured ribs, and a damaged spleen (resulting in its removal) as a result of a beating by Erie County Sheriff's Deputies. The incident arose from the inmate's attempt to air out his cell from the odor of other inmates' defecation and vomit.

35. In January 2010, an Erie County Deputy Sergeant assigned to the Erie County Holding Center, ordered an inmate to choose one deputy sheriff to deliver a punch to the inmate's stomach. Under duress, the inmate complied and a deputy delivered the blow.

36. Upon information and belief, there are established policies and customs, which fail to adequately supervise and train deputy sheriffs in their dealings with inmates in the custody of the Sheriff, such that the failure to supervise and train rises to the level of deliberate indifference. For example, according to the findings of the United States Department of Justice

memorialized in its July, 2009 letter to the COUNTY and copied to SHERIFF TIMOTHY HOWARD:

    a.    The Erie County Holding Center provides its deputy sheriffs with no operational guidance on the use of force;

    b.    The Erie County Holding Center has no system in place to monitor the use of force;

    c.    The Erie County Holding Center has no policy governing the assembly of the Response Team, which is used on an emergency basis to quell inmate disturbances.

37.    The COUNTY's and SHERIFF TIMOTHY HOWARD's failure to take measures to train and supervise deputy sheriffs in the use of force and to curb assaults on inmates in the custody of the Erie County Sheriff was a proximate cause of the constitutional violations alleged in this complaint.

### VIII. PLAINTIFF'S CAUSE OF ACTION FOR COMMON LAW NEGLIGENT SUPERVISION AGAINST DEFENDANTS COUNTY OF ERIE, HOWARD, KOCH AND DEE

38.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "37" of the Complaint herein with the same force and effect as if fully set forth herein.

39.    That the defendants had a duty to supervise ONE OR MORE DOES in their contact with inmates who were in the care, custody and control of the Sheriff, including plaintiff.

40.    That the defendants breached their duty by not adequately supervising ONE OR MORE DOES.

41. That as a proximate result of defendants' breach of duty, the plaintiff sustained multiple contusions on his body, injuries to his leg, ears and head, chest pains and dangerously elevated blood pressure.

42. That the COUNTY'S, HOWARD'S, KOCH'S and DEE'S breach of their supervisory duty to the plaintiff was a proximate cause of the injuries and loss suffered by plaintiff.

43. That the COUNTY'S, HOWARD'S, KOCH'S and DEE'S actions and omissions were willful and wanton behavior, with complete and gross disregard for the plaintiff's rights, safety and well-being.

### IX. PLAINTIFF'S CAUSE OF ACTION FOR COMMON LAW NEGLIGENT TRAINING AGAINST DEFENDANTS COUNTY OF ERIE, HOWARD, AND KOCH

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "43" of the Complaint herein with the same force and effect as if fully set forth herein.

45. That the defendants had a duty to train DEE and ONE OR MORE DOES in the use of force in their contact with inmates in the care, custody and control of the Sheriff, including plaintiff.

46. That the defendants breached their duty to train DEE and ONE OR MORE DOES in their use of force.

47. That as a result of the defendants' breach of duty, the plaintiff sustained injuries to his leg, ears and head.

48. That the defendants' breach of duty to train DEE and ONE OR MORE DOES was a proximate cause of the injuries and loss suffered by the plaintiff.

49.   That the defendants' actions and omissions were willful and wanton behavior, with complete and gross disregard for the plaintiff's rights, safety and well-being.

### X. PLAINTIFF'S CAUSE OF ACTION UNDER 42 U.S.C. SEC. 1983 AGAINST DEE and ONE OR MORE DOES

50.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "49" of the complaint herein with the same force and effect as if fully set forth herein.

51.   That the plaintiff had an absolute and constitutional right to be free from the unreasonable and excessive use of force, assault, and battery on his person, even during a period of lawful detention and even if in the custody of THE COUNTY OF ERIE and its Sheriff.

52.   That the severe beating and assault upon a passive and non-confrontational person is totally without legal justification and, upon information and belief, is contrary to the rules and procedures of the COUNTY OF ERIE and its Sheriff.

53.   That the laws of New York against assault, menacing and reckless endangerment prohibit actions such as those undertaken by ROBERT DEE and ONE OR MORE DOES.

54.   That the punching, kicking, and injuring of the plaintiff by DEE and ONE OR MORE DOES on January 29, 2010, and again on April 28, 2010 was excessive, unreasonable, and unjustifiable under the circumstances and subjected the plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourteenth Amendments of the United States Constitution, within the meaning of 42 U.S.C. §1983.

55.   That as a direct and proximate result of the unconstitutional acts of DEE and ONE OR MORE DOES, the plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## XI. PLAINTIFF'S CAUSE OF ACTION UNDER NEW YORK LAW AGAINST DEE and ONE OR MORE DOES

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "55" of the complaint herein with the same force and effect as if fully set forth herein.

57. That the conduct of DEE, and ONE OR MORE DOES in beating and striking the plaintiff deprived him of his rights under the laws of the state of New York to be free from assault and battery, for which these defendants as well as the COUNTY are liable.

58. That as a direct and proximate result of the illegal acts of DEE and ONE OR MORE DOES, the plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## XII. PRAYER FOR RELIEF

59. The plaintiff requests that the Court grant the following relief:

   a. judgment against the defendants and each of them jointly and severally for compensatory and special damages in a sum in excess of two hundred and fifty thousand dollars ($250,000.00).

   b. punitive damages against the defendants named in their individual capacities.

   c. attorneys' fees, for his costs expended herein, for interest, and

   d. for such other and further relief both at law and in equity, to which the plaintiff may show himself to be justly entitled.

## XIII. JURY DEMAND

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff demands that all issues of fact in this cause be tried to a properly impaneled jury.

Dated: July 11, 2011
      Buffalo, New York

BY: _____
    John Ned Lipsitz, Esq.
    LIPSITZ & PONTERIO, LLC
    *Attorneys for Plaintiffs*
    135 Delaware Avenue, 5th Floor
    Buffalo, New York  14202
    Telephone: (716) 849-0701
    E-mail:  jnl@lipsitzponterio.com