UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARQUEZ MACK,

                              Plaintiff,

vs.

SHERIFF TIMOTHY HOWARD, Individually and in his
official capacity as Sheriff of Erie County,
SERGEANT ROBERT DEE,
DEPUTY DANIEL BUZIAK,
DEPUTY BRIAN O'LEARY,
DEPUTY JEROME RECKTENWALT,
DEPUTY MARK SCANLON,
DEPUTY MICHAEL VAIL, and
DEPUTY JEFFREY WAGNER,

                              Defendants.

**PLAINTIFF'S THIRD AMENDED COMPLAINT AND JURY TRIAL DEMAND**

Civil Action No.
11-CV-0303A

---

## I. PRELIMINARY STATEMENT

1.     These claims are for damages pursuant to 42 U.S.C. § 1983. They are based on two beatings, one inflicted on the Plaintiff by Erie County Deputy Sheriffs when Plaintiff was a pre-trial detainee in the custody of the Sheriff of Erie County on or about January 29, 2010, and another inflicted on the Plaintiff by an Erie County Deputy Sheriff when Plaintiff was a pre-trial detainee in the custody of the Sheriff of Erie County on or about April 28, 2010.

2.     The Plaintiff claims that SHERIFF TIMOTHY HOWARD violated his rights under the Fourteenth Amendment to the United States Constitution through HOWARD'S deliberate indifference to violence inflicted on Plaintiff and other detainees by Deputy Sheriffs while in the custody of the Sheriff of Erie County. More specifically, the Plaintiff claims that SHERIFF TIMOTHY HOWARD violated his rights under the Fourteenth Amendment to the United States Constitution through HOWARD'S custom or practice of overlooking, ignoring, and disregarding acts of violence upon inmates in the custody of the Sheriff of Erie County. The

Plaintiff also claims that SHERIFF TIMOTHY HOWARD violated his rights under the Fourteenth Amendment to the United States Constitution through HOWARD'S failure to train, supervise, direct or control Deputy Sheriffs in the performance of their duties.

3. The Plaintiff claims that SERGEANT ROBERT DEE, DEPUTY DANIEL BUZIAK, DEPUTY BRIAN O'LEARY, DEPUTY JEROME RECKTENWALT, DEPUTY MARK SCANLON, DEPUTY MICHAEL VAIL and DEPUTY JEFFREY WAGNER violated his rights under the United States Constitution to be free from the excessive use of force.

## II.  JURISDICTION

4. This Court has subject matter jurisdiction over the Plaintiff's civil rights claims, pursuant to 28 U.S.C. §§ 1331, 1341(a) (3) (4).

## III.  VENUE

5. All alleged acts occurred in the County of Erie. Therefore, venue is proper in the Western District of New York under 28 U.S.C. §1391(b).

## IV.  PARTIES

6. At all times relevant to this action, the Plaintiff was incarcerated and awaiting trial in the custody of the Office of the Sheriff of Erie County.

7. At all times relevant to this action, Defendant TIMOTHY HOWARD (hereinafter "HOWARD") was the Sheriff of Erie County, New York, and acted under color of state law. As Sheriff of Erie County, HOWARD has and had custody of the Erie County Holding Center. HOWARD is and was responsible to receive and safely keep all persons committed to the custody of the Sheriff of Erie County, even when such persons are not present within the physical confines of the Erie County Holding Center; for the management and operations of the Erie County Holding Center and its staff; for the overall management and control of the County jails,

including the court hold pens; for the establishment, administration and implementation of policies and procedures affecting inmates of the jails; and for all matters relating to the selection, supervision, promotion, training and discipline of uniformed staff. HOWARD is sued in his official and his individual capacities.

8. At all times relevant to this action, Defendant ROBERT DEE ("DEE") was the direct supervisor of the deputy sheriffs who assaulted the Plaintiff on one or more occasions as specified in this Third Amended Complaint and was acting under color of state law. DEE is sued in his individual capacity.

9. That upon information and belief, at all times hereinafter mentioned, the Defendants DANIEL BUZIAK, BRIAN O'LEARY, JEROME RECKTENWALT, MARK SCANLON, MICHAEL VAIL and JEFFREY WAGNER were Erie County Deputy Sheriffs and were acting under color of state law, in the course and scope of their duties, functions and employment and as agents, servants, and/or employees of the Office of the Erie County Sheriff. They are sued in their individual capacities.

## V. CONDITIONS PRECEDENT

10. Within the intent of the Prison Litigation Reform Act, the Plaintiff pursued all administrative procedures available to him at the Erie County Holding Center. A copy of his grievance based on the beating inflicted on the Plaintiff on or about January 29, 1010, and the County's response are attached to this Complaint as **Exhibit A.**

11. The Plaintiff also filed a grievance based on the beating inflicted on him on or about April 28, 2010. A copy of this grievance is attached to this Complaint as **Exhibit B.**

12. Upon information and belief, the grievance based on the beating inflicted on the Plaintiff on or about January 29, 1010, was transferred to the Sheriff's Professional Services

3

Division for investigation. HOWARD has not disclosed any documents relating to said investigation.

## VI.  STATEMENT OF FACTS

### The January 29, 2010 assault on the Plaintiff

13. That on or about January 29, 2010, the Plaintiff was in the physical custody of the Erie County Sheriff, Defendant HOWARD, and his acting representatives.

14. That on or about January 29, 2010, the Plaintiff was a detainee in the Erie County Holding Center.

15. That on or about the afternoon of January 29, 2010, the Plaintiff was being escorted back to the Erie County Holding Center from a court hold area in County Court, when a Deputy Sheriff pushed him and shoved him into a court hold cell.

16. That the Plaintiff's hands were cuffed.

17. That while the Plaintiff was in the court hold cell with his hands cuffed, DEE, BUZIAK, O'LEARY, RECKTENWALT, VAIL and WAGNER seriously and violently assaulted him.

18. That the beating inflicted on the Plaintiff included kicking, punching, slamming his head into a wall, and spitting on him.

19. That as a result of the beating, the Plaintiff suffered multiple injuries to his head, ears, and body.

20. That as a result of his injuries, the Plaintiff sustained severe pain and discomfort in his head, ears, and body.  He also suffered serious psychological trauma, leaving him anxious, depressed and fearful.

21. That upon information and belief, none of the defendants involved in the January 29, 2010, incident prepared any written report of what took place, except as they may have done so after the Plaintiff complained of the attack.

22. That at no time during the attack on the Plaintiff did he strike back at the Deputy Sheriffs. The conduct of DEE, BUZIAK, O'LEARY, RECKTENWALT, VAIL and WAGNER was malicious and sadistic and displayed a reckless indifference to the Plaintiff's rights and well-being.

23. That upon information and belief, the defendant HOWARD took no disciplinary action against DEE, BUZIAK, O'LEARY, RECKTENWALT, VAIL or WAGNER.

## The April 28, 2010 assault on the Plaintiff

24. That on or about April 28, 2010, the Plaintiff was in the physical custody of the Erie County Sheriff, defendant HOWARD, and his acting representatives.

25. That on or about April 28, 2010, the Plaintiff was a detainee in the Erie County Holding Center.

26. That on or about April 28, 2010, the Plaintiff was in an elevator located in the Erie County Holding Center when he was assaulted by DEPUTY MARK SCANLON.

27. The Plaintiff was on crutches as a result of injuries he sustained when he was assaulted on January 29, 2010. While he was on the elevator, SCANLON forcibly took his crutches from him, causing him to fall to the floor.

28. SCANLON struck the Plaintiff's head against the floor and bent his arm behind his back while another deputy cuffed his hands.

29. As a result of the beating, the Plaintiff sustained multiple contusions on his body. Moreover, as a result of the assault, the Plaintiff's blood pressure rose to a dangerously high

level, and he experiences chest pains. He also suffered serious psychological trauma, leaving him depressed, anxious and fearful.

30. That upon information and belief, none of the defendants involved in the April 28, 2010, incident prepared any written report of what took place, except as they may have done so after the Plaintiff complained of the attack.

31. That at no time during the attack on the Plaintiff did he strike back at the Deputy Sheriffs. The conduct of SCANLON was malicious and sadistic and displayed a reckless indifference to the Plaintiff's rights and well-being.

32. That upon information and belief, the defendant HOWARD took no disciplinary action against SCANLON.

## VII. PLAINTIFF'S CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT HOWARD

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "32" of the Third Amended Complaint herein with the same force and effect as if fully set forth herein.

34. At all times relevant, DEE, BUZIAK, O'LEARY, RECKTENWALT, SCANLON, VAIL and WAGNER were in their Sheriff's uniform, and while on duty were acting under the color of state law and did cause the deprivation of the Plaintiff's constitutional rights by beating him as previously described.

35. Upon information and belief, it was and is the policy or custom of HOWARD and the Office of the Erie County Sheriff to fail to train and supervise their Deputies in the use of force against detainees in the custody of the Sheriff.

36. Upon information and belief, it was and is the policy or custom of HOWARD to overlook, excuse, or disregard random and unprovoked acts of violence by Deputy Sheriffs upon detainees in the custody of the Sheriff.

37. Upon information and belief, by overlooking, excusing, or disregarding the wrongful conduct of Deputy Sheriffs, including but not limited to that of DEE, BUZIAK, O'LEARY, RECKTENWALT, SCANLON, VAIL and WAGNER, HOWARD has adopted a written or unwritten rule condoning an unrestrained use of violence on inmates, or has established a policy or custom of deliberate indifference to violations of lawful conduct, such as complained of in this Complaint, or both.

38. At the time the Plaintiff was assaulted on January 29, 2010, and again on April 28, 2010, HOWARD knew that inmates in the custody of the Sheriff of Erie County were regularly subjected to inappropriate, excessive, and degrading uses of physical force. More particularly, the United States Department of Justice memorialized in its July 2009 letter to the County of Erie and copied to HOWARD that:

    i. Inmates in the ERIE COUNTY HOLDING CENTER were being taken on "elevator rides" during which Deputies physically assault inmates, and slam their heads against elevator walls, while handcuffed.

    ii. In August 2008, an inmate of the ERIE COUNTY HOLDING CENTER was handcuffed, stripped, and cavity searched by a Deputy who then used the same rubber gloves to search other inmates. When one inmate requested that the Deputy change his gloves, which were dirty with blood and feces, the Deputy struck the inmate on the head and forcibly performed the search, stating that he "did not have to do a damn thing."

7

iii. In 2008, Erie County Sheriff's Deputies ordered other inmates to go into the cell of an inmate who refused to shower, pull the inmate out of his cell, strip him and wash him on the floor of the common pod area with rags and a bucket of water.

iv. In January of 2008, Erie County Sheriff's Deputies targeted inmates who were screaming to observe the New Year. The Deputies punched, kicked, and tied a sheet around one inmate's neck, and threatened to hang him. The inmate was then shackled and taken to an isolation cell, where Deputies continued to punch and kick him.

v. In August of 2007, during the booking process, Deputy Sheriffs struck a pregnant inmate in the face, threw her to the ground, and kneed her in the side of her stomach. When she informed Deputies that she was pregnant, the Deputies replied that they thought she was fat, not pregnant. The inmate lost her two front teeth as a result of the assault.

vi. An inmate at the Erie County Correctional Facility died of a stroke in March of 2007, not long after suffering a brain injury when Sheriff's Deputies smashed his head against a wall. The inmate requested medical help following the incident but was ignored despite noticeable signs of injury, such as dragging his foot when walking and continually dropping things.

vii. In April of 2006, an inmate in the ERIE COUNTY HOLDING CENTER was knocked unconscious and sustained a collapsed lung, fractured ribs, and a damaged spleen (resulting in its removal) as a result of a beating by

        Erie County Sheriff's Deputies. The incident arose from the inmate's attempt to air out his cell from the odor of other inmates' defecation and vomit.

39. In January 2010, an Erie County Deputy Sergeant assigned to the Erie County Holding Center ordered an inmate to choose one Deputy Sheriff to deliver a punch to the inmate's stomach. Under duress, the inmate complied and a Deputy delivered the blow.

40. Upon information and belief, there are established policies and customs, which fail to adequately supervise and train Deputy Sheriffs in their dealings with inmates in the custody of the Sheriff, such that the failure to supervise and train rises to the level of deliberate indifference. For example, according to the findings of the United States Department of Justice memorialized in its July 2009 letter to the County of Erie and copied to HOWARD:

    a. The Erie County Holding Center provides its Deputy Sheriffs with no operational guidance on the use of force;

    b. The Erie County Holding Center has no system in place to monitor the use of force;

    c. The Erie County Holding Center has no policy governing the assembly of the Response Team, which is used on an emergency basis to quell inmate disturbances.

41. HOWARD's failure to take measures to train and supervise Deputy Sheriffs in the use of force and to curb assaults on inmates in the custody of the Erie County Sheriff was a proximate cause of the constitutional violations alleged in this Complaint.

## VIII. PLAINTIFF'S CAUSE OF ACTION UNDER 42 U.S.C. SEC. 1983 AGAINST DEE, BUZIAK, O'LEARY, RECKTENWALT, SCANLON, VAIL and WAGNER

42.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "41" of the Complaint herein with the same force and effect as if fully set forth herein.

43.   That the Plaintiff had an absolute and constitutional right to be free from the unreasonable and excessive use of force, assault, and battery on his person, even during a period of lawful detention and even if in the custody of Sheriff of the County of Erie.

44.   That the severe beating and assault upon a passive and non-confrontational person is totally without legal justification and, upon information and belief, is contrary to the rules and procedures of the Sheriff of the County of Erie.

45.   That the laws of New York against assault, menacing and reckless endangerment prohibit actions such as those undertaken by ROBERT DEE, DANIEL BUZIAK, BRIAN O'LEARY, JEROME RECKTENWALT, MARK SCANLON, MICHAEL VAIL and JEFFREY WAGNER.

46.   That the punching, kicking, and injuring of the Plaintiff by DEE, BUZIAK, O'LEARY, RECKTENWALT, SCANLON, VAIL and WAGNER on January 29, 2010, and again on April 28, 2010, was excessive, unreasonable, and unjustifiable under the circumstances and subjected the Plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourteenth Amendment of the United States Constitution, within the meaning of 42 U.S.C. §1983.

47.     That as a direct and proximate result of the unconstitutional acts of DEE, BUZIAK, O'LEARY, RECKTENWALT, SCANLON, VAIL and WAGNER, the Plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## XII.  PRAYER FOR RELIEF

48.     The Plaintiff requests that the Court grant the following relief:

   a.   judgment against the defendants and each of them jointly and severally for compensatory and special damages in a sum in excess of two hundred fifty thousand dollars ($250,000.00).

   b.   punitive damages against the defendants named in their individual capacities.

   c.   attorneys' fees, for his costs expended herein, for interest, and

   d.   for such other and further relief both at law and in equity, to which the Plaintiff may show himself to be justly entitled.

## XIII.  JURY DEMAND

49.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands that all issues of fact in this cause be tried to a properly impaneled jury.

Dated: February 17, 2012
       Buffalo, New York

/s/John Ned Lipsitz, Esq.
LIPSITZ & PONTERIO, LLC
*Attorneys for Plaintiff*
135 Delaware Avenue, 5th Floor
Buffalo, New York 14202
Telephone: (716) 849-0701
E-mail:  jnl@lipsitzponterio.com